**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

ERIKA TREMAINE JOHNSON and BLAKE SINNETT, Individually and On Behalf of M.S., a minor,

Plaintiffs,

v.

MISSOURI DEPARTMENT OF SOCIAL SERVICES,

Defendant.

Case No. 15-cv-00391-DGK

**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

This action involves Defendant Missouri Department of Social Services' ("DSS") role in the placement of M.S., a minor, into protective custody. The parents of M.S., Plaintiffs Erika Tremaine Johnson ("Johnson") and Blake Sinnett ("Sinnett") (collectively, "the parents"), allege that DSS discriminated against the family in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*

Now pending before the Court is DSS's Motion for Summary Judgment (Doc. 44). Because the *Rooker-Feldman* doctrine divests the Court of subject matter jurisdiction, this case is DISMISSED WITHOUT PREJUDICE.

**Background**

Johnson and Sinnett are legally blind. On the day M.S. was born, May 21, 2010, DSS received a Newborn Crisis Assessment call reporting that M.S. turned blue while Johnson attempted to breastfeed. Following this call, Tia Wilson ("Wilson"),[1] a DSS employee, met with

[1] In 2010, Tia Wilson went by the name "Tia Hogan," and most of the documents provided in support and opposition of this motion refer to her as such. In this Order, the Court uses her current moniker, Tia Wilson.

the parents at the hospital. The parents indicated that they needed some assistance in caring for M.S. Def.'s Ex. A 34 (Doc. 45-1); Ex. D 26 (Doc. 45-4).

Wilson then conducted an investigation into whether the parents could care for M.S. She contacted several of Plaintiffs' family members and at least two community resource centers for the blind to seek assistance for the parents. After her inquiry, Wilson requested that M.S.'s hospital discharge be delayed until May 25, 2010, to give her and the family an opportunity to explore placement options for M.S. She also wrote an eight-page report, which she provided to a state juvenile officer for the Circuit Court of Jackson County, Missouri. Def.'s Ex. E 1 (Doc. 45-5). The report recommended that the state court allow the Children's Division of DSS to retain protective custody of M.S. until safety measures could be put in place at the family home. *Id.* 9; Pls.' Ex. 5 at 7 (Doc. 48-5).

On May 23, 2010, Johnson was discharged from the hospital, and M.S. remained in the hospital pursuant to Wilson's request. The following day, the state juvenile officer authorized the temporary protective custody transfer of M.S. to DSS. On May 25, 2010, the same juvenile officer requested that the court place M.S. in the custody of the Children's Division of DSS. After a hearing on May 26, 2010, Judge Marco Roldan ("Judge Roldan") ordered that M.S. be placed into DSS's custody. Def.'s Ex. H (Doc. 45-8). M.S. remained in foster care until June 20, 2010, when the juvenile officer voluntarily dismissed the petition and DSS returned M.S. to her parents. Def.'s Ex. I (Doc. 45-9).

Plaintiffs filed the instant action five years later, asserting that DSS discriminated against them by reason of their blindness and M.S.'s association with her blind parents. Am. Compl. ¶¶ 25-37 (Doc. 4). Plaintiffs contend that DSS's investigation, reports, and recommendations leading up to Judge Roldan's order were discriminatory and violated Title II of the ADA.

## Standard

Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[I]t is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

Plaintiffs here invoke federal question jurisdiction under 28 U.S.C. § 1331. But, even where § 1331 appears to create subject matter jurisdiction, the *Rooker-Feldman* doctrine[2] may preclude the exercise of federal jurisdiction. This doctrine "provides that, 'with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments,'" *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (quoting *Lemonds v. St. Louis Cty.*, 222 F.3d 488, 492 (8th Cir. 2000)), foreclosing "not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds*, 222 F.3d at 492.

Specifically, *Rooker-Feldman* applies to cases: (1) brought by the party that lost in state court; (2) complaining of injuries caused by state court judgments; (3) rendered before the district court proceedings commenced; and (4) inviting district court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).

## Discussion

DSS argues that the *Rooker-Feldman* doctrine prevents this Court from exercising jurisdiction because Plaintiffs' suit is an impermissible attack on Judge Roldan's state court

---

[2] This doctrine borrows its name from two Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fid. Trust Co.*, 263 .S. 413 (1923).

order.[3] In response, Plaintiffs do not explicitly address DSS's *Rooker-Feldman* argument except to briefly argue that their injury does not stem from the state court order.

First, Plaintiffs do not contest that the first and third *Rooker-Feldman* requirements are established. M.S. was placed into DSS's custody pursuant to Judge Roldan's May 26, 2010, order, and against Plaintiffs' wishes. This means Plaintiffs "lost" at the state court level, and the first *Rooker-Feldman* requirement is satisfied. The third prong is established because Judge Roldan issued his order before Plaintiffs filed this suit.

As for the second requirement, Plaintiffs are complaining of an injury—the removal of M.S. from their custody—that stems directly from Judge Roldan's temporary custody order.[4] Plaintiffs contest this characterization of their claim, arguing that it was not Judge Roldan's order, but instead DSS's "conduct in all of these child welfare-related activities which discriminated against Planitiffs . . . and which deprived them from living together for the first two months of M.S.'s life." Pls.' Br. 24. Yet, but for Judge Roldan's order, M.S. would not have been removed from her parents' custody for two months. Thus, it was the state court judgment that actually *produced* Plaintiffs' alleged injury, and the second requirement is satisfied.

Finally, the fourth element is satisfied because this lawsuit requires the Court to review Judge Roldan's order.

---

[3] DSS makes two other arguments for summary judgment: (1) DSS is entitled to absolute, quasi-judicial immunity for the challenged actions; and (2) M.S. is not a "qualified person" under the ADA. Because the Court lacks subject matter jurisdiction, it will not address these arguments.

[4] *Rooker-Feldman* requires that Plaintiffs complain of injuries caused by state court *judgments*. *Exxon Mobil Corp.*, 544 U.S. at 291. "A 'judgment' is the *final* determination of the right of the parties in the action." Mo. Rev. Stat. § 511.020 (emphasis added); *see also* Fed. R. Civ. P. 54(a). Here, the parties do not address whether Judge Roldan's temporary custody order is a final judgment for purposes of *Rooker-Feldman*, and the Court will not bear Plaintiffs' burden of establishing federal jurisdiction by raising the issue for them. *See Kokkonen*, 511 U.S. at 377.

Plaintiffs contend that the evidence relied upon by Judge Roldan in making his determination—DSS's reports and recommendations—was tainted by illegal discrimination. This is "nothing more than a thinly disguised effort[] to overturn, or at least call into question the validity of" his ruling. *Wideman v. Colorado*, 242 Fed. App'x 611, 614 (10th Cir. 2007) (finding allegations that the state court "altered [Plaintiff's] parental rights on the basis of insufficient and/or false evidence" barred by *Rooker-Feldman*).

Because each of these elements is satisfied, the *Rooker-Feldman* doctrine divests the Court of jurisdiction in this matter and Plaintiffs' claims are dismissed for lack of subject matter jurisdiction.

**Conclusion**

For the reasons set forth above, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

/s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: November 2, 2016